ANTHONY J. IOZZO (NY Bar 5402649)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 215-6297
Facsimile: (202) 307-0054
Anthony.Iozzo@usdoj.gov
Western.Taxcivil@tax.usdoj.gov
*Counsel for United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL DIELEMAN and ROBERT DIELEMAN, as Executors for the Estate of Roger Dieleman,<br><br>    Plaintiffs,<br><br>    v.<br><br>JOHN CUMMINGS, an individual; GRETCHEN SMOLKA, an individual; MARK PEPLOWSKI, an individual; the UNITED STATES OF AMERICA; DOES I through X; and ROE ENTITIES I through X.<br><br>    Defendants. | Case No. 2:21-cv-01708-JCM-EJY<br><br>**UNOPPOSED MOTION FOR LEAVE OF COURT TO SERVE CROSSCLAIM DEFENDANT**<br><br>**FIRST REQUEST** |
| UNITED STATES OF AMERICA,<br>    Counter- and Crossclaim Plaintiff,<br>    v.<br>MICHAEL DIELEMAN and ROBERT DIELEMAN, as Executors for the Estate of Roger Dieleman; CLARK COUNTY, NEVADA,<br>    Counter Claim Defendants,<br>GRETCHEN SMOLKA<br>    Counter- and Crossclaim Defendant. | |

    Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and LR IA 6-1, the United States respectfully requests that this Court grant the United States leave of Court to serve its

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495

Answer, Counterclaim, and Crossclaim on Defendant Gretchen Smolka within 90 days of an Order entered by this Court.

Plaintiffs Michael and Robert Dieleman do not oppose this Motion. Defendant Smolka has not appeared in this action since it was removed to this Court. On February 19, 2025, counsel for the United States emailed Defendant Smolka's former counsel out of an abundance of caution and they confirmed that they do not represent Defendant Smolka in the current action. On February 19, 2025, counsel for the United States also emailed and called Defendant Smolka but she has not responded as of the filing of this motion.

The United States also requests that the Clerk issue a summons for service on Defendant Smolka, and a draft summons is submitted with this Motion.

This is the first such request.

Dated: February 21, 2025                    Respectfully submitted,

                                            */s/ Anthony J. Iozzo*
                                            ANTHONY J. IOZZO
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice

                                            *Counsel for United States of America*

ANTHONY J. IOZZO (NY Bar 5402649)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 215-6297
Facsimile: (202) 307-0054
Anthony.Iozzo@usdoj.gov
Western.Taxcivil@tax.usdoj.gov
*Counsel for United States of America*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL DIELEMAN and ROBERT DIELEMAN, as Executors for the Estate of Roger Dieleman,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN CUMMINGS, an individual; GRETCHEN SMOLKA, an individual; MARK PEPLOWSKI, an individual; the UNITED STATES OF AMERICA; DOES I through X; and ROE ENTITIES I through X.<br><br>Defendants. | Case No. 2:21-cv-01708-JCM-EJY<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE OF COURT TO SERVE CROSSCLAIM DEFENDANT** |
| UNITED STATES OF AMERICA,<br>    Counter- and Crossclaim Plaintiff,<br>    v.<br>MICHAEL DIELEMAN and ROBERT DIELEMAN, as Executors for the Estate of Roger Dieleman; CLARK COUNTY, NEVADA,<br>    Counter Claim Defendants,<br>GRETCHEN SMOLKA<br>    Counter- and Crossclaim Defendant. | |

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495

## FACTUAL BACKGROUND

On July 16, 2018, Plaintiff Roger Dieleman filed a complaint in the Eighth Judicial District Court in Clark County, Nevada seeking to quiet title to two properties located in Las Vegas, Nevada. *See Estate of Roger Dieleman v. Mark Peplowski*, Case No. A-18-777754-C. On or about July 23, 2018, Defendants Gretchen Smolka and John Cummings, a married couple, were served with process in the State Court quiet title action, and neither filed a responsive pleading within the requisite time. ECF No. 21 at 11. The State Court Clerk entered default on or about August 24, 2018 and the State Court issued a default judgment against Defendants Smolka and Cummings on or about December 10, 2018. *Id*. On January 11, 2019, Defendants Smolka and Cummings filed a motion to aside the default judgment, which the State Court granted on March 15, 2019. ECF No. 21 at 11-12.

Plaintiff Roger Dieleman passed away on May 17, 2019 and the executors of his estate, Michael and Robert Dieleman, were substituted as parties in the State Court quiet title action. ECF No. 21 at 5 & 11. Defendant John Cummings passed away on April 20, 2020 and Defendant Smolka was appointed as the Personal Representative of his Estate, and a separate probate action was instituted in State court. ECF No. 21 at 6 & 15. On August 6, 2021, Plaintiffs Michael and Robert Dieleman filed their First Amended Complaint in the State quiet title action. ECF Nos. 1-2 at 3 & 21 at 6. On August 19, 2021, Defendant Smolka was personally served with the First Amended Complaint on behalf of herself and in her capacity as the Personal Representative of John Cummings's estate. ECF Nos. 9, 10, & 21 at 6.

The United States was named as a defendant in the First Amended Complaint in the State quiet title action because it possesses federal tax liens on the subject properties arising from joint federal income tax liabilities of Defendants Smolka and Cummings. ECF Nos. 1-2 & 12. On

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495

September 16, 2021, the United States removed the State quiet title action to this Court pursuant to 28 U.S.C. §§ 1444 and 2410. ECF No. 1. The Certificate of Service for the United States' Notice of Removal indicates that service under Rule 5 was made on Defendant Smolka through first class mail. ECF No. 1 at 4. According to counsel for Plaintiffs Michael and Robert Dieleman, formal service under Rule 4 of their First Amended Complaint and the United States' Notice of Removal was attempted on four occasions. ECF No. 21 at 7. On or about May 23, 2022, Defendant Smolka's former counsel notified the Plaintiffs' counsel that he spoke with Defendant Smolka about the action before this Court. *Id*. Further, on July 25, 2022, Defendant Smolka contacted a colleague of the Plaintiffs' counsel to discuss this action. *Id*.

Defendant Smolka did not file an answer or otherwise respond to either the original complaint or the First Amended Complaint either before or after removal. ECF No. 21 at 6-7. At the request of Plaintiffs Michael and Robert Dieleman, the Clerk of Court entered default against Defendant Smolka individually and in her capacity as the personal representative of John Cummings's estate on October 3, 2022. ECF No. 22. The Plaintiffs ultimately dismissed their claims against Defendant Smolka individually and in her capacity as the personal representative of John Cummings's estate before this Court under Federal Rule of Civil Procedure 41(a)(1)(A)(i) pursuant to an agreement they reached with Defendant Smolka in the separate State probate action. ECF No. 33.

After the United States removed the State quiet title action to this Court, it filed an Answer, a Counterclaim against Plaintiffs Michael Dieleman, Robert Dieleman, Gretchen Smolka, and Clark County, and a Crossclaim against Defendant Smolka on November 22, 2021. ECF No. 12. The Certificate of Service for the United States' Answer, Counterclaim, and Crossclaim indicates that the United States electronically filed this pleading on the Court's e-

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

5

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495

filing system, which provided notice to the counsel for Plaintiffs Michael and Robert Dieleman. ECF No. 12 at 25. In its Crossclaim, the United States is seeking to reduce to judgment its federal tax liens against Defendant Smolka arising from joint federal income tax liabilities of Defendants Smolka and Cummings. ECF No. 12. The United States and Plaintiffs Michael and Robert Dieleman have reached a settlement agreement which will dispose of the United States' claims against the Dielemans and Clark County, ECF No. 34, and this agreement will be addressed in a subsequent filing.[1]

The United States did not formally serve its Answer, Counterclaim, and Crossclaim on Defendant Smolka pursuant to Rule 4 of the Federal Rules of Civil Procedure, and now seeks leave of Court to attempt such service. Counsel for the United States believes that the United States mailed Defendant Smolka the pleading pursuant to Rule 5 despite the omission of Defendant Smolka's address on the Certificate of Service. Declaration of Alexander E. Stevko, ¶ 5. Counsel for the United States mistakenly believed that service under Rule 5 was the operative rule governing service on Defendant Smolka because she was not formally in default after the State Court set aside the prior default judgment. *Id*. at ¶ 6. The United States now recognizes this error and believes that formal service is required before it can advance its claims against Defendant Smolka in this action. To date, Defendant Smolka has not filed an answer or otherwise responded to the United States' Counterclaim and Crossclaim.

---

[1] The United States was also seeking to foreclose the tax liens on the subject properties that they encumber, but the agreement with Plaintiffs Michael and Robert Dieleman will dispose of this claim.

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

6

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495

**ARGUMENT**

**I. Defendant Smolka is a party in default for failing to appear under Rule 5(a)(2).**

Rule 5 of the Federal Rules of Civil Procedure governs service of pleadings filed after the original complaint and permits service by various means, including by mailing a copy to a party's last known address. Fed. R. Civ. P. 5(b)(2)(C). However, Rule 5(a)(2) requires a pleading asserting a new claim against a party to be served in the manner prescribed under Rule 4 if that party is in default for failing to appear. A court need not have adjudicated a party as being in default to trigger Rule 5(a)(2)'s applicability. *Varnes v. Glass Bottle Blowers Asso.*, 674 F.2d 1365, 1368 n.3 (11th Cir. 1982). For purposes of Rule 5(a)(2), a party who has failed to appear in the action is a party "in default for failing to appear." *Cutting v. Town of Allenstown*, 936 F.2d 18, 21 n.1 (1st Cir. 1991) (citing *Varnes*, 674 F.2d at 1368 n.3); *See also Employee Painters; Trust v. Ethan Enters.*, 480 F.3d 993, 999 (9th Cir. 2007) (finding amended complaint with new claims was properly served under Rule 5 where defendants not in default because they had actively participated in the litigation by filing an answer to the original complaint and contesting a disputed counterclaim).

Here, Defendant Smolka may be considered a party "in default for failing to appear" in this action. Before the United States removed the State quiet title action to this Court, the State Court had issued a default judgment against Defendants Smolka and Cummings on December 10, 2018. Although that default judgment was set aside on March 15, 2019, Defendant Smolka did not subsequently respond to either the original complaint or the First Amended Complaint despite being properly served with each. Defendant Smolka has not appeared in this action since moving to set aside the default judgment in the State quiet title action, either before or after removal. Plaintiffs Michael and Robert Dieleman requested that the Clerk of Court enter default

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495

against Defendant Smolka, and default was entered on October 3, 2022. The United States has not yet requested the entry of default against Defendant Smolka with respect to its claims, but Defendant Smolka may properly be considered a party "in default for failing to appear." Accordingly, the United States is required to serve its Answer, Counterclaim, and Crossclaim on Defendant Smolka in the manner prescribed by Rule 4 pursuant to Rule 5(a)(2).

**II. The United States demonstrates good cause and excusable neglect under Rule 4(m).**

Under Rule 4(m), a plaintiff must serve a defendant within 90 days after the pleading is filed and failure to do so is cause for dismissal without prejudice. Fed. R. Civ. P. 4(m). However, if a plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.*; *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). The Ninth Circuit has directed district courts to consider the following factors when determining whether Rule 4(m)'s good cause requirement has been satisfied: (1) whether the party to be served received actual notice of the lawsuit, (2) the degree of prejudice to the defendant caused by the delay, and (3) whether the plaintiff would be severely prejudiced by the dismissal of the complaint. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001); *See Lemoge v. United States*, 587 F.3d 1188, 1196 (holding that prejudice to a plaintiff caused by dismissal pursuant to Rule 4(m) is acute when the statute of limitations would preclude the plaintiff from re-filing the case).

Even absent a showing of good cause, courts have broad discretion to extend the time for service under Rule 4(m). *Efaw*, 473 F.3d at 1041. A court may discretionarily extend time for service upon a showing of excusable neglect. *Lemoge*, 587 F.3d at 1198. Excusable neglect encompasses situations in which the failure to comply with a deadline is attributable to negligence, and includes omissions caused by carelessness. *Id.* at 1192 (citing *Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)). When determining whether neglect is

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

8

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495

excusable, the court must consider: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. *Id*.

The court may grant an extension of time for service even after the 90-day period has expired. *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *See Smith v. Marksman Sec. Corp.*, 2024 U.S. Dist. LEXIS 200605, 2024 WL 4682280 (D. Nev. Nov. 4, 2024) (discretionarily extending time for service after deadline expired where plaintiff would suffer prejudice because statute of limitations for the case had expired); *But see Efaw*, 473 F.3d at 1041 (vacating district court's judgment with instructions to dismiss case where plaintiff waited seven years to serve defendant, there was no evidence that defendant knew of the action, and the delay prejudiced the defendant due to loss of witnesses).

Here, the United States' failure to serve Defendant Smolka was an omission for which there is good cause to remedy through an extension of time for the United States to attempt service of its Answer, Counterclaim, and Crossclaim on Defendant Smolka. The *Sheehan* factors that courts consider when determining Rule 4(m)'s good cause requirement are each satisfied.

First, it appears that Defendant Smolka has notice of the lawsuit. While it is unclear whether she is aware of the United States' specific claims against her, she is aware of the broader action. While this action was in State Court, Defendant Smolka filed a motion to aside the default judgment against her, which that court granted. After the action was removed to this Court, Defendant Smolka's former counsel discussed this action with her, and Defendant Smolka herself reached out to a colleague of the Plaintiffs' counsel.

Second, Defendant Smolka has not suffered any prejudice due to the delay in service. Defendant Smolka's tax liabilities are outstanding and accruing interest, but this is due to

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495

Defendant Smolka's failure to pay and not the United States' failure to serve its claim to reduce the liabilities to judgment. Additionally, Plaintiffs Michael and Robert Dieleman are not prejudiced because they have negotiated a settlement agreement with the United States and dismissed their claims against Defendant Smolka.

Finally, the United States would be severely prejudiced should the complaint be dismissed without prejudice because the statute of limitations on collection for certain tax years would preclude the United States from refiling claims for those years. Specifically, the statutes of limitations for tax years 2010 through 2013, worth approximately $181,836.70 at the time the United States' crossclaim was filed, would all be expired if the United States were forced to refile its claims now. Balancing the potential prejudicial impact on the parties, the Court should determine that the likelihood of severe prejudice to the United States outweighs any remote prejudicial impact on Defendant Smolka should the Court dismiss this action in lieu of granting leave for service. Accordingly, there is good cause for this Court to extend the United States' time to serve Defendant Smolka.

Even if the Court finds that the United States has not demonstrated good cause, the Court should exercise its broad discretion under Rule 4(m) to extend the time for the United States to serve Defendant Smolka. The *Lemoge* factors that courts consider when determining Rule 4(m)'s excusable neglect standard are each satisfied. First, Defendant Smolka has not suffered any prejudice for the reason articulated above.

Second, though there has been a delay from the time the United States filed its crossclaim against Defendant Smolka to now, there is little impact on the broader action. As mentioned, the United States and Plaintiffs Michael and Robert Dieleman have negotiated a settlement agreement which will dispose of the United States' claims against the Dielemans and Clark

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495

County, and Plaintiffs Michael and Robert Dieleman have dismissed their claims against Defendant Smolka. The only remaining claims at issue are those of the United States against Defendant Smolka.

Third, the reason for the United States' delay in serving Defendant Smolka was counsel's mistaken belief that Rule 5 was the operative rule governing service because she was not formally in default after the State Court set aside the prior default judgment. The United States was previously focused on resolving its claims against Plaintiffs Michael and Robert Dieleman and identified the service error when preparing to seek a default judgment against Defendant Smolka. Declaration of Alexander E. Stevko ¶ 7. Thus, the United States' delay in serving Defendant Smolka "resulted from negligence and…not from deviousness or willfulness." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000).

Finally, the United States is, in good faith, exercising its duty of candor to the Court in notifying the Court of this error on its own, and respectfully requesting a remedy by way of additional time to serve Defendant Smolka. Even though the 90-day period has long expired, the Court may reasonably exercise its discretion and allow the United States this additional time.

/// ///

/// ///

/// ///

/// ///

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-307-6495

# CONCLUSION

The United States respectfully requests leave of this Court to serve Defendant Smolka with its Answer, Counterclaim, and Crossclaim pursuant to Rule 4(m) of the Federal Rules of Civil Procedure within 90 days of an Order entered by this Court.

Dated: February 21, 2025

Respectfully submitted,

*/s/ Anthony J. Iozzo*
ANTHONY J. IOZZO
Trial Attorney, Tax Division
U.S. Department of Justice
*Counsel for United States of America*

Good cause appearing, IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 21, 2025

Unopposed Motion for Leave of Court
(Case No. 2:21-cv-01708-JCM-EJY)

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6495